IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

GREAT FALLS DIVISION

_____

| | |
|---|---|
| KENNETH HELGESON, | Cause No. CV 10-51-GF-SEH-RKS |
| Petitioner, | |
| vs. | FINDINGS AND RECOMMENDATIONS OF U.S. MAGISTRATE JUDGE |
| WARDEN MARION FEATHER, Bureau of Prisons, | |
| Respondent. | |

_____

On August 17, 2010, Defendant/Movant Kenneth Helgeson ("Helgeson"), a federal prisoner proceeding pro se, filed a petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2241. Petitioner is a federal prisoner proceeding pro se.

FINDINGS AND RECOMMENDATIONS OF U.S. MAGISTRATE JUDGE / PAGE 1

Petitioner failed to pay the filing fee or move to proceed in forma pauperis, but there is no need to delay resolution of the case on that basis.

Petitioner is incarcerated at FDC Seatac in Seattle, Washington. The petition should be dismissed because the Court lacks personal jurisdiction over the Respondent. Rumsfeld v. Padilla, 542 U.S. 426, 443 (2004). Pro se pleadings should be liberally construed, Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam), but it would be fruitless to recharacterize the § 2241 petition under 28 U.S.C. § 2255 or to give Petitioner an opportunity to amend, Castro v. United States, 540 U.S. 375, 377 (2003), because Helgeson has already filed a § 2255 motion. It and a certificate of appealability were denied. Order (doc. 87) at 6-7, United States v. Helgeson, No. CR 07-110-GF-SEH (D. Mont. June 29, 2010).

Either the Ninth Circuit Court of Appeals or the United States District Court for the Western District of Washington might have jurisdiction, but transfer is not in the interests of justice, 28 U.S.C. § 1631, because the body of the petition consists of gibberish.

The statute requiring a certificate of appealability in habeas cases does not apply to petitions by federal prisoners under 28 U.S.C. § 2241. 28 U.S.C. § 2253(c)(1). However, the District Court should certify that any

FINDINGS AND RECOMMENDATIONS OF U.S. MAGISTRATE JUDGE / PAGE 2

appeal from its disposition would not be taken in good faith.

Based on the foregoing, the Court enters the following:

## RECOMMENDATIONS

1. The Petition (doc. 1) should be DISMISSED.

2. The Clerk of Court should be directed to enter by separate document a judgment of dismissal.

3. The District Court should CERTIFY, pursuant to Fed. R. App. P. 24(a)(4)(B), that any appeal from its disposition would not be taken in good faith.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS
## AND CONSEQUENCES OF FAILURE TO OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), Petitioner may serve and file written objections to these Findings and Recommendations within fourteen (14) days of the date entered as indicated on the Notice of Electronic Filing.  A district judge will make a de novo determination of those portions of the Findings and Recommendations to which objection is made.  The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations.  Failure to timely file written

objections may bar a de novo determination by the district judge and/or waive the right to appeal.

DATED this 24th day of August, 2010.

<pre>
                           /s/ Keith Strong
                          Keith Strong
                          United States Magistrate Judge
</pre>